IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SHARON L. ALLEN,

       Plaintiff,

v.

WALMART STORES, INC.

       Defendant.

Case No. 3:18-cv-00137-TMB

**ORDER ON MOTION FOR SUMMARY JUDGMENT
(DKT. 14)**

## I. INTRODUCTION

The matter comes before the Court on Defendant Walmart Stores, Inc.'s ("Wal-Mart") Motion for Summary Judgment (the "Motion").[1] The Motion was fully briefed by the parties.[2] The parties did not request oral argument, and the Court finds that it would not be helpful. For the reasons stated below, the Motion for Summary Judgment is **GRANTED**.

## II. BACKGROUND

Defendant Wal-Mart is a large commercial retailer with locations across the country.[3] This matter concerns a slip and fall that occurred in one of its stores. On the afternoon of September 14, 2015, *pro se* Plaintiff Sharon Allen entered a Wal-Mart store located in Kenai, Alaska.[4] Shortly after entering the store, Allen fell.[5] Allen now asserts a claim of negligence against Wal-Mart,

---

[1] Dkt. 14 at 1.

[2] *See* Dkts. 14 (Motion), 16 (Opposition), 19 (Reply).

[3] Dkt. 14 at 1.

[4] Dkt. 16 at 1.

[5] *Id.* at 2.

1

contending that, "[a]s a result of the failure of the defendant to keep the entryway dry the plaintiff sustained injuries to her person."[6] Allen contends those injuries "include but are not limited to injury to the left hand causing weakness and pain if used, back pain, jaw pain, loosened and sensitized teeth, tooth loss, anxiety, and other personal injuries."[7]

The parties do not dispute certain facts concerning the fall. Allen stated in her deposition that she did not remember the floor being wet.[8] Similarly, an incident report filed contemporaneously by an employee at Wal-Mart after Allen's fall recorded that the floor was dry.[9] Allen's fall was captured on surveillance video, and the parties agree the video does not show any visible substance or moisture at the time Allen fell.[10] Both parties also agree that it was not raining when Allen entered the store.[11]

However, the parties dispute the sequence of events that occurred immediately after the fall. According to Allen, at the time of her fall, there was a Wal-Mart employee located at the front of the store whose back was turned to the entrance.[12] Allen contends that this employee "wasn't even paying attention" at the time she entered the store.[13] Because the employee did not observe

---

[6] Dkt. 1-2 at 2.

[7] *Id.* at 2.

[8] Dkt. 14 at 2 ("…like the finish on the floor, …, kind of didn't seem apparent like it was wet or anything.").

[9] *Id.* at 3.

[10] Dkt. 14 at 2; Dkt. 16 at 2 ("Upon reviewing the surveillance video during her deposition the plaintiff stated that moisture was not apparent.").

[11] Dkt. 16 at 1 ("Plaintiff entered Walmart on what she remembers as a nice day. It wasn't raining out and the pavement was dry."); Dkt. 14-3 at 2.

[12] Dkt. 16 at 2. ("The greeter on this day was facing into the store when the plaintiff fell.").

[13] *Id.* at 3.

2

her fall, Allen argues that the employee may not have been performing routine inspections that would have prevented her fall.[14] Wal-Mart identifies a different employee as the first to be notified of the accident, and does not address in their briefing whether another employee was present at the time of Allen's fall.[15]

It is undisputed, however, that after a Wal-Mart manager became aware of the incident, they contacted Allen and filed an incident report.[16] In an affidavit, the manager, Tim Nemecek, noted that Allen was wearing an unidentified type of shoe that Mr. Nemecek believed may have contributed to the fall.[17] Allen was unable to locate those shoes after the incident, and during her deposition Allen was not able to identify the type of shoe that she was wearing on that day.[18]

Allen commenced this action against Wal-Mart in Alaska state court on September 14, 2017, asserting a single claim for negligence and requesting $375,000 in money damages for her injuries.[19] Wal-Mart removed the action to federal court on June 12, 2018.[20] The Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.[21] After the completion of discovery, Wal-Mart filed the Motion, which is now ripe for resolution.

---

[14] *Id.* at 3.

[15] Dkt. 14-3 at 5. (The incident report states that a pharmacy technician was the first employee on the scene.)

[16] Dkt. 16 at 2; Dkt. 14 at 3.

[17] Dkt. 14-3 at 2 ("Allen was wearing a type of clog or sandal that had a hard sole, which I believed may have contributed to the fall.").

[18] Dkt. 14-2 at 2.

[19] Dkt. 1-2 at 3.

[20] Dkt. 1 at 1.

[21] 28 USC §1332 (2019).

3

### III. LEGAL STANDARD

Summary judgment is appropriate where, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party,[22] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] Material facts are those which might affect the outcome of the case.[24] A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[25] "There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion."[26] A movant's burden may be met by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."[27] Once a movant has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a

---

[22] *Scott v. Harris*, 550 U.S. 372, 378 (2007).

[23] Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Jensinger v. Nev. F. Credit Union*, 24 F.3d 1127, 1130-31 (9th Cir. 1994).

[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

[25] *Id.* at 248.

[26] *Mills v. Wood*, No. 4:10-CV-00033-RRB, 2015 WL 2100849, at *1 (D. Alaska May 6, 2015), *aff'd in part*, 726 F. App'x 631 (9th Cir. 2018) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).

[27] *Celotex*, 477 U.S. at 325.

genuine issue for trial.[28] Because Allen is proceeding *pro se*, the Court liberally construes her pleadings, as is appropriate with *pro se* litigants.[29]

## IV. ANALYSIS

Wal-Mart moves for summary judgment, asserting that Allen lacks sufficient evidence to support a claim of negligence.[30] In response, Allen contends that an employee tasked with monitoring the entrance (the "greeter") was not watching the entryway at the time of her fall, that this omission is evidence that Wal-Mart failed to inspect the premises of its business, and that, if the employee had inspected the entrance, then her fall may have been prevented.[31] As explained below, because the Court concludes that Wal-Mart has demonstrated that there is an absence of evidence to support Allen's claim for negligence, the Court **GRANTS** the Motion for Summary Judgment in favor of Wal-Mart.

The Court looks first to the elements of a negligence claim, and whether there is an absence of evidence in the record to support Allen's claim for negligence. Generally, under Alaska law, a plaintiff must prove four elements to establish a claim of negligence: (1) that the defendant had a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the breach of duty was the cause of the injury; and (4) that there were damages resulting from the injury.[32] Further, it is

---

[28] *Id.* at 323–24.

[29] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (internal quotation marks omitted)).

[30] Dkt. 14 at 1.

[31] Dkt. 16 at 4.

[32] *Lyons v. Midnight Sun Transp. Servs.*, 928 P.2d 1202, 1204 (Alaska 1996).

5

appropriate for a court to grant a defendant's motion for summary judgment if there is an absence of evidence to support any element of the plaintiff's claim.[33]

To prove the third element of her claim for negligence, causation, Allen must produce or point to evidence in the record that shows some act or omission by Wal-Mart as the proximate cause of her fall and subsequent injuries.[34] When an act or omission is more likely than not a substantial factor in leading to an accident, that act is a proximate cause of the injury to the plaintiff.[35] Significantly, under Alaska law, the fact that a fall occurs is not evidence that the injury was caused by an act or omission by a defendant.[36] Moreover, evidence that an act or omission was the proximate cause of an injury must rise above the level of speculation.[37] Although circumstantial evidence can be used to show that the defendant's act or omission was the proximate cause of an accident, that evidence must show a high probability that the act or omission was the most likely cause of that accident.[38] Here, Wal-Mart argues that there is an absence of evidence to establish that it caused Allen's fall, i.e. the causation element cannot be satisfied.[39] The Court agrees. The affidavits, parties' depositions, and undisputed facts here cannot show that Wal-Mart was the proximate cause of the injuries to Allen.[40]

---

[33] *Celotex*, 477 US 317, 323.

[34] *Alvey v. Pioneer Oilfield Servs.*, 648 P.2d 599, 600 (Alaska 1982).

[35] *Id.*

[36] *Id.*

[37] *Neely v. St. Paul Fire and Marine Ins. Co.*, 584 F.2d 341, 346 (9th Cir. 1978).

[38] *Ross v. Great N. R. Co.*, 315 F.2d 51, 57 (9th Cir. 1963).

[39] Dkt. 14 at. 9.

[40] Dkt. 14-2 at 3; Dkt. 16 at 2.

Both parties agree that that there was no visible moisture or substance on the store's floor at the time of Allen's fall, and that no moisture or substance was visible on the security camera footage.[41] Allen provides no alternate explanation for her fall, but instead maintains that there may have been moisture on the floor, despite the evidence—and her own prior admission—to the contrary.[42] There is otherwise an absence of evidence to explain the proximate cause of Allen's fall, in other words there is an absence of evidence to prove a necessary element—here, proximate cause—of Allen's claim of negligence.[43]

In her opposition, Allen argues that because a Wal-Mart employee was not watching the entrance when she fell, that employee's purported inattention may have been the cause of the fall.[44] Allen contends that because the employee at the front of the store did not see her fall, that employee also did not see any moisture that may have been present on the floor, and further argues that this omission by the employee may have caused the fall.[45] This argument does not change the Court's analysis. The theory Allen advances is not supported by any evidence in the record and is

---

[41] Dkt. 14 at. 3; Dkt. 16 at 2 ("True, there were no obvious puddles of water on the floor").

[42] Allen's response asserts that "the plaintiff's written record of events states that the floor was 'damp/wet' when she in fact hit the floor." Dkt. 16 at 2. However, this assertion from her briefing is contradicted by her prior sworn testimony, as well as other evidence in the record. Dkt. 14-2 at 2-3. The Court notes that such conclusory assertions are insufficient to create a genuine dispute of material fact when plainly contradicted by the record. *See Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (quoting *Ruffin v. County of Los Angeles,* 607 F.2d 1276, 1280 (9th Cir.1979)).

[43] *See Alvey*, 648 P.2d 599, 600-601 (holding that even assuming the defendant breached a duty, the plaintiff must still show that the breach caused the injury in order to prevail against a motion for summary judgment).

[44] Dkt. 16. At 3.

[45] *Id.* at 3.

7

contradicted by the parties' mutual agreement that the surveillance video shows no moisture or substance on the floor.[46]

Furthermore, while reasonable inferences based on undisputed facts may be used to reach a conclusion as to the cause of an injury;[47] when an accident could have a reasonable alternative cause, mere speculation cannot be the sole basis on which a court concludes that a specific act or omission caused an accident.[48] Wal-Mart points to a possible alternative cause of Allen's injury—namely, Allen's shoes,[49] and this alternative cannot be reasonably excluded based on the evidence in the record.[50] Moreover, no evidence or explanation advanced by Allen supports her theory that the greeter's inattention alone was a proximate cause of her fall. Therefore, Allen has not shown—but merely speculates—that an act or omission by Wal-Mart was the cause of Allen's injury.[51] Wal-Mart has met its burden to demonstrate there is an absence of evidence supporting a necessary element of Allen's claim, and has provided a possible reasonable alternative cause, while Allen has not shown that there is any dispute of material facts that create a genuine issue to be decided at trial.

---

[46] Dkt. 14 at 2; Dkt. 16 at 2.

[47] *Wolf v. Reynolds Electrical and Engineering Co.*, 304 F.2d 646, 649-650 (9th Cir. 1962).

[48] *Id.* at 650 ("It is well settled that proof must be sufficient to raise a reasonable inference that the act or omission complained of was in fact the proximate cause of the injury").

[49] Dkt. 14-3 at 2 (The shoe "may have contributed to the fall").

[50] *Ross v. Great N. R. Co.*, 315 F.2d 51, 58 (evidence must then reasonably exclude any other proximate cause") (internal quotations omitted).

[51] *Wolf v. Reynolds Electrical and Engineering Co.*, 304 F.2d 646, 649.

Accordingly, it is appropriate to **GRANT** the Motion because of the absence of evidence indicating that Wal-Mart was the proximate cause of Allen's fall.[52]

## V. CONCLUSION

For the foregoing reasons, Wal-Mart's Motion for Summary Judgment at docket 14 is **GRANTED**. The Clerk of court shall issue judgment accordingly.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 19th day of July, 2019.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[52] *Celotex*, 477 US 317, 323. (Summary Judgment is appropriate against a party who fails to "establish the existence of an element essential to that party's case.").